IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)

| | |
|---|---|
| **UNIVERSAL ARBOR LLC,** § § § **Plaintiff,** § § **v.** § § **HARBOR FREIGHT TOOLS USA, INC.** § § **Defendant.** § § § § | C.A. No. ____ <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Universal Arbor LLC ("Universal Arbor" or "Plaintiff") files this Original Complaint against Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight" or "Defendant") for infringement of U.S. Patent No. 10,245,744 ("the '744 patent" or "the patent-in-suit").

**THE PARTIES**

1. Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2. Upon information and belief, Harbor Freight is a Delaware Corporation having its principal place of business in Calabasas, California. Harbor Freight does business in the State of Texas and in this District. Harbor Freight may be served through its registered agent Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in the District and has a regular and established place of business in this District. On information and belief, Defendant transacts business in this District, including from its retail store located at 2415 Gilmer Rd., Longview, TX, 75604. Further, Defendant makes, uses, imports, offers to sell, and/or sells infringing products in this District.

6. Defendant is subject to personal jurisdiction pursuant to due process due at least to its substantial business in this State, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. Defendant has conducted and regularly conducts business within the United States and this District. Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District. Defendant has sought protection and benefit from the laws of the State of Texas by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

7. On information and belief, Defendant has significant ties to, and presence in, this District, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

8. The '744 patent is titled "Accessory for Oscillating Power Tools." The inventions claimed in the patent-in-suit generally relate to a new and novel configuration for attaching an accessory to a power tool (e.g., a blade to an oscillating tool).

9. The '744 patent lawfully issued on April 2, 2019, and stems from Application No. 15/238,491. A copy of the '744 patent is attached hereto as Exhibit A.

10. The named inventor on the patent-in-suit is Cherif Morcos.

11. The patent-in-suit claims priority to U.S. Application No. 12/932,728, which was filed on March 7, 2011, and U.S. Provisional Application No. 61/316,294, which was filed on March 22, 2010.

12. The technologies claimed in the patent-in-suit consist of features and functions that were not, alone or in combination, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention.

13. Each asserted claim in the patent-in-suit is presumed valid.

14. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

15. The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. *See, e.g.*, '744 patent, 1:25-2:10.

## COUNT I
### (Infringement of U.S. Patent No. 10,245,744)

16. Plaintiff incorporates paragraphs 1 through 15 herein by reference.

17. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

18. Plaintiff is the owner of the '744 patent with all substantial rights to the '744 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

19. The '744 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. §271(a))**

20.     Defendant has, and continues to, infringe one or more claims of the '744 patent in this judicial district and elsewhere in Texas and the United States.

21.     Defendant has, and continues to, either by itself or via an agent, infringe claims of the '744 patent (including at least, for example, claim 17) by, among other things, making, selling, offering for sale, using, and/or importing attachments for an oscillating tool with a universal connection ("the Accused Products").  The Accused Products include, but are not limited to, the attachments shown on Harbor Freight's website, https://www.harborfreight.com/search?q=oscillating%20tool%20blades (accessed January 21, 2020).

22.     Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart illustrating how the Accused Products infringe the '744 patent.

23.     Defendant is liable for its infringements of the '744 patent pursuant to 35 U.S.C. § 271.

24.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

    a.    Judgment that one or more claims of the '744 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    b.    Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

    c.    Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

    d.    That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

    e.    Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

    f.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 22, 2020

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar
Texas Bar No. 24064043
T. William Kennedy Jr.
Texas Bar No. 24055771

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com

Attorneys for Plaintiff
**UNIVERSAL ARBOR, LLC**