**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **UNIVERSAL ARBOR LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 2:20-cv-00017-JRG-RSP** |
| | ) | |
| **HARBOR FREIGHT TOOLS USA, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**DEFENDANT HARBOR FREIGHT TOOLS INC.'S ANSWER TO PLAINTIFF UNIVERSAL ARBOR LLC'S ORIGINAL COMPLAINT**

Harbor Freight Tools USA, Inc. ("Harbor Freight"), defendant in the above-entitled and numbered civil action, replies to the Original Complaint of Universal Arbor LLC ("UA") as follows.

**THE PARTIES**

1. Harbor Freight is without knowledge or information sufficient to form a belief in the truth of the allegations contained in Paragraph 1 of the Complaint and therefore, denies these allegations.

2. Harbor Freight admits the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3. Harbor Freight admits that this action purports to be an action for patent infringement arising under the Patent Laws of the United States.

4. Harbor Freight admits that the Court has subject matter jurisdiction over this lawsuit.

5. For the purposes of this lawsuit only, Harbor Freight does not contest UA's allegation that venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Harbor Freight denies that it has committed any acts of infringement in this District. Harbor Freight admits that it operates a retail store located at 2415 Gilmer Rd., Longview, TX, 75604. Harbor Freight denies that it makes, uses, imports, offers to sell, and/or sells infringing products in this District. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 5 of the Complaint.

6. For the purposes of this lawsuit only, Harbor Freight does not contest UA's allegation that the Court has personal jurisdiction. Harbor Freight denies that it has conducted any infringing activities in the District or elsewhere. Harbor Freight admits that it has conducted business in the State of Texas and in this District. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 6 of the Complaint.

7. For the purposes of this lawsuit only, Harbor Freight does not contest UA's allegation that venue in this District is proper. Harbor Freight denies that venue in this District is convenient. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 7 of the Complaint.

## THE PATENT-IN-SUIT

8. Harbor Freight admits that the '744 patent is entitled "Accessory for Oscillating Power Tools." Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 8 of the Complaint.

9. Harbor Freight admits that the face of the '744 patent states that it issued on April 2, 2019 and that it issued from Application No. 15/238,491. Harbor Freight admits that what

appears to be a copy of the ’744 patent was attached to the Complaint as Exhibit A. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 9 of the Complaint.

10. Harbor Freight admits that the face of the ’744 patent states that the inventor is Cherif Morcos. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 10 of the Complaint.

11. Harbor Freight admits that the face of the ’744 patent states that it claims priority to U.S. Application No. 12/932,728, which was filed on March 7, 2011, and to U.S. Provisional Application No. 61/316,294, which was filed on March 22, 2010. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 11 of the Complaint.

12. Harbor Freight denies the allegations contained in Paragraph 12.

13. Harbor Freight admits that, pursuant to 35 U.S.C. § 282, there is a rebuttable presumption that the ‘744 patent is valid. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 13 of the Complaint.

14. Harbor Freight denies the allegations contained in Paragraph 14.

15. Harbor Freight denies the allegations contained in Paragraph 15.

## COUNT I

16. Harbor Freight incorporates paragraphs 1 through 15 herein by reference.

17. Harbor Freight admits that this cause purports to arise under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.* Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 17 of the Complaint.

18. Harbor Freight is without knowledge or information sufficient to form a belief in the truth of the allegations contained in Paragraph 18 of the Complaint and therefore, denies these allegations.

19. Harbor Freight denies the allegations contained in Paragraph 19 of the Complaint.

20. Harbor Freight denies the allegations contained in Paragraph 20 of the Complaint.

21. Harbor Freight denies the allegations contained in Paragraph 21 of the Complaint.

22. Harbor Freight admits that a purported claim chart is attached as Exhibit B. Harbor Freight denies that Exhibit B illustrates how the Accused Products infringe the ’744 patent. Except as admitted above, Harbor Freight denies the allegations contained in Paragraph 22 of the Complaint.

23. Harbor Freight denies the allegations contained in Paragraph 23 of the Complaint.

24. Harbor Freight denies the allegations contained in Paragraph 24 of the Complaint.

## DEMAND FOR JURY TRIAL

25. Harbor Freight demands a trial by jury in all issues triable as such.

## HARBOR FREIGHT’S AFFIRMATIVE DEFENSES

26. Harbor Freight has not and does not literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents, infringe any valid and/or enforceable claim of the ’744 Patent.

27. Each of the claims of the ’744 patent are invalid for failing to comply with one of more of the requirements for patentability specified by Part II of Title 35 of the United States Code §101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103 and/or 112.

28. UA is estopped from construing the claims of the ’744 patent to cover or include, either literally or by application of the doctrine of equivalents, methods used, devices manufactured, used, imported, sold or offered for sale by Harbor Freight because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the

patent, disclosure or language in the specification of the patent and/or limitations in the claims of the patent.

29. The relief sought by UA is barred in whole or in part by the doctrine of laches.

30. The relief sought by UA is barred in whole or in part by 35 U.S.C. § 287.

**EXCEPTIONAL CASE**

31. This is an exceptional case pursuant to 35 U.S.C. § 285 entitling Harbor Freight to an award of attorneys' fees as a result of, *inter alia*, UA's assertion of the '744 patent, which UA knows is likely to be invalid, against Harbor Freight.

**PRAYER FOR RELIEF**

WHEREFORE, Harbor Freight hereby prays for the following relief:

a. That the Court enter judgment that UA is not entitled to any relief with respect to its allegations against Harbor Freight and dismiss all of UA's allegations with prejudice;

b. That the Court enter a judgment that Harbor Freight has not infringed and is not directly infringing or indirectly infringing by contribution or inducement, whether willfully or otherwise, any claim of the '744 patent, as alleged by UA;

c. That the Court enter a judgment that the claims of the '744 patent are invalid;

d. That the Court declare this an exceptional case and award Harbor Freight its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

e. That the Court award Harbor Freight such other and further relief as the Court may deem just and proper.

DATED: March 16, 2020

Respectfully Submitted,

By: /s/Jon B. Hyland
Jon B. Hyland
State Bar No. 24046131
**Munsch Hardt Kopf & Harr, P.C.**
500 N. Akard St.
Dallas, Texas 75201-6659
Ph: (214)855-7577
Fx: (214)978-5360

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of March, 2020.

*Jon B. Hyland*